PEDRO LORENZANO RIVERA, peticionario y apelante, *v.* SIXTO M. SALDAÑA, Jefe del Presidio Insular, demandado y apelado.

Núm. 8443.—*Sometido:* Enero 26, 1942. *Resuelto:* Febrero 3, 1942.

*Pedro Lorenzano Rivera* por su propio derecho; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

El fiscal de esta corte, basándose en que el escrito de apelación no fué notificado al fiscal del distrito, presentó una moción solicitando la desestimación de la apelación interpuesta por el prisionero contra la sentencia de la Corte de Distrito de San Juan de septiembre 26, 1941, que declaró en definitiva sin lugar su petición de hábeas corpus. El prisionero se opuso sosteniendo que la apelación fué notificada al fiscal. Llama la atención hacia lo que consta a las páginas 23 y 24 del legajo de la sentencia.

A esas páginas aparece transcrito el escrito de apelación que termina así: "y al mismo tiempo notifica al Hon. Fiscal de la apelación establecida según lo dispone el artículo 350 del Código de Enjuiciamiento Criminal."

El día señalado para la vista de la moción sólo compareció el fiscal de esta corte representando a la parte apelada. El prisionero apelante no compareció pero radicó un *affidavit* de Georgina Mercado Lorenzano que en lo pertinente dice:

"Que con fecha 3 de octubre de 1941 me personé en la oficina del Lic. Fernando Gallardo Díaz, actual Fiscal de la Corte de Distrito de San Juan, P. R. y le entregué personalmente un escrito de apelación, como ·copia del original entregado a la misma corte en el caso civil número 38,097 caso Pedro Lorenzano Rivera v. Sixto M. Saldaña caso fallado contra el primero por la Hon. Corte de Distrito de San Juan, P. R. cuya copia de apelación fué entregada al Sr. Fiscal como notificación oficial de la referida apelación del caso referido."

Como el fiscal de esta corte manifestara que había sido informado por el fiscal del distrito que no había recibido la notificación, se le concedió el término de un día para radicar el correspondiente affidavit. Así lo hizo y de él resulta lo que sigue:

"Yo, Fernando Gallardo Díaz, juro: Me llamo como queda dicho; soy Fiscal de la Corte de Distrito de San Juan y lo era para el día 3 de octubre de 1941.

"Que es mi costumbre ·firmar la notificación de todo escrito de apelación que se me entrega en el curso ordinario de mis deberes como tal fiscal.

"Que según mi mejor memoria y los records de mi oficina, no fuí notificado del escrito de apelación en este caso."

La sección 4 de la ley especial sobre la materia aprobada en 1903 que aparece publicada en las leyes de ese año, pág. 104, y al pie del artículo 500 del Código de Enjuiciamiento Criminal, ed. 1935, pág. 329, autoriza a un prisionero cuya petición de hábeas corpus se ha denegado, a recurrir de la negativa para ante este Tribunal Supremo de la siguiente manera, "dando aviso de ella por escrito al tribunal o juez que hubiere dictado la providencia apelada, y a la parte contraria."

Es requisito, pues, indispensable la notificación al fiscal que representó a dicha parte contraria en la corte *a quo*.

Lo consignado en el propio escrito de apelación es insuficiente para demostrar que la notificación se hizo, pero revela claramente que el prisionero apelante intentó hacerla. Si se da crédito al affidavit de Georgina Mercado Lorenzano, sería suficiente para resolver que la notificación no sólo se intentó si que se hizo.

La dificultad estriba en que dicho affidavit resulta contradicho por el del fiscal. ¿Cómo vencerla?

Tras un estudio de todas las circunstancias concurrentes, pudiendo el acto de la notificación no haber dejado la huella necesaria en la memoria de un funcionario tan ocupado y tan necesariamente preocupado como el fiscal para poder recordarla, nos parece que debe darse el beneficio de la duda al prisionero, especialmente cuando la declaración del fiscal del distrito no excluye en absoluto la posibilidad de que pudiera haber sido notificado.

Se trata de un caso extremo y no debe entenderse que aceptamos sin reserva la evidencia aportada para probar la existencia de la notificación, pero el legajo de la sentencia está ya radicado y el recurso listo para su vista y parece lo justo que se resuelva en su fondo. La cuestión envuelta es de ley y puede ser estudiada por el fiscal en poco tiempo. Afecta no sólo al peticionario si que a todos los prisioneros,

ya que versa sobre las rebajas en las condenas por razón de buena conducta y parece conveniente dejarla resuelta por sus méritos sin demora.

*La moción de desestimación debe ser declarada sin lugar y el recurso señalarse para su vista lo más pronto que sea posible.*